IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARY-ANN GSCHWEND,<br><br>   Appellant,<br><br> v.<br><br>BARBARA G. MARKUS,<br><br>   Appellee.<br>_____ / | No. C 07-00838 JSW<br><br>**ORDER RE APPELLANT'S REQUEST FOR RECUSAL** |

   On October 17, 2007, Appellant Mary-Ann Gschwend filed a request before Chief Judge Vaughn R. Walker to remove the undersigned judge from the above-captioned matter. This Court construes Appellant's request as a motion for recusal pursuant to 28 U.S.C. § 455.

   Under 28 U.S.C. § 455, a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." Section 455 imposes an affirmative duty upon judges to recuse themselves when "a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622, 626 (9th Cir. 1993). A motion for disqualification based entirely from the district court judge's adverse ruling is not an adequate basis for recusal. *Leslie v. Grupo ICA*, 198 F.3d 1152, 1160 (9th Cir. 1999) (citing numerous cases for the same proposition). In *Liteky v. United States*, 510 U.S. 540, 555, the Supreme Court explained the narrow bases upon which a party may move for recusal:

> Judicial rulings alone almost never constitute a valid basis for a bias or partiality motion ... [O]pinions formed by the judge on the basis of facts introduced or events occurring in the course of the current proceedings, or of prior proceedings, do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible.

The provisions of Section 455 "require recusal only if the bias or prejudice stem from an extrajudicial source and not from conduct or rulings made during the course of the proceeding." *Toth v. Trans World Airlines*, Inc., 862 F.2d 1381, 1388 (9th Cir. 1988).

Appellant contends that the undersigned judge is subject to recusal because: (1) in denying her request for a stay pending appeal, this Court found that she had not demonstrated that she is likely to succeed on the merits of her appeal; and (2) the Court must have considered *ex parte* communications with Appellee because the Court resolved the request for a stay before Appellant had filed her brief regarding the appeal. The Court has not had *ex parte* communications with either party. The Court merely considered the papers filed regarding the requested stay. Appellant's contentions stem entirely from the Court's prior adverse rulings, and thus, are not adequate bases for recusal. *See, e.g., United States v. Hernandez*, 109 F.3d 1450, 1454 (9th Cir. 1997); *Taylor v. Regents of the Univ. of California*, 993 F.2d 710, 712-13 (9th Cir. 1993). Accordingly, the Court DENIES Appellant's motion for recusal.

**IT IS SO ORDERED.**

Dated: November 29, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

2

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BARBARA GAIL MARKUS,

    Plaintiff,

v.

MARY ANN GSCHWEND et al,

    Defendant.

Case Number: CV07-00838 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on November 29, 2007, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Elliott Abrams
Law Offices of Elliott Abrams
2033 N. Main Street
#750
Walnut Creek, CA 94596

Mary Ann Gschwend
4402 Marsh Elder Court
Concord, CA 94521

Dated: November 29, 2007

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk