IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARY-ANN GSCHWEND,

    Appellant,

v.

BARBARA G. MARKUS,

    Appellee.

                               /

No. C 07-00838 JSW

**ORDER RE BANKRUPTCY APPEAL**

    Now before the Court is Mary-Ann Gschwend's ("Gschwend") appeal from the order by the bankruptcy court dated January 9, 2007 dismissing her bankruptcy action ("Bankruptcy Court's Order"). Pursuant to Civil Local Rule 16-4, the case has been submitted on the papers without oral argument. Having carefully reviewed the administrative record and considered the parties' papers, their arguments and the relevant legal authority, the Court hereby AFFIRMS the bankruptcy court's order.

**BACKGROUND**

    Barbara G. Markus ("Markus") filed a civil action against Gschwend in the Superior Court of California in the County of Contra Costa and obtained a state court judgment against Gschwend. Markus filed liens against Gschwend's property to secure this judgment. Gschwend disputes the validity of the judgment entered against her.

    On September 14, 2006, Gschwend filed a Chapter 13 Bankruptcy action. Through her proposed Chapter 13 Plain, Gschwend sought to re-litigate the validity of the state court judgment and to limit her debt owed to Markus based on such judgment. On January 9, 2007,

1  the bankruptcy court dismissed her bankruptcy action, but gave Gschwend twenty days to file a
2  confirmable Chapter 13 Plan. (Opposition to Gschwend's Request for Stay, Ex. B.) In the
3  Order, the bankruptcy court noted that Gschwend filed numerous motions and appeals by which
4  she attempted to have the judgment vacated. None of these efforts were successful.
5  (Bankruptcy Court's Order, p.1.) After the state court judgment became final, Markus
6  attempted to collect on it. (*Id*., p.2.)

7  Gschwend's proposed Chapter 13 Plan provided for Gschwend to continue litigating the
8  validity of Markus's state court claim against her. (*Id*.) During the course of this litigation,
9  under Gschwend's proposed Plan, Gschwend would pay Markus $100 a month over a three year
10 period. (*Id*.) In the event the litigation regarding Markus's state court judgment against
11 Gschwend was not successful, then Gschwend would pay Markus the remainder owed. (*Id*.)

12 Markus moved to dismiss, arguing that Gschwend's bankruptcy action was filed in bad
13 faith. (*Id*.) The bankruptcy court found that Gschwend's Chapter 13 Plan was not confirmable
14 because she was merely attempting to re-litigate a final state court judgment against her. (*Id*.,
15 p.3.) Although the bankruptcy court found that Gschwend's case had "many of the earmarks of
16 a bad faith filing," the court felt compelled to provide Gschwend with an opportunity to amend
17 her plan. (*Id*.) The bankruptcy court stayed its order of dismissal for twenty days during which
18 Gschwend was permitted to file an amended plan. However, the court admonished Gschwend
19 that if she filed an amended plan which contemplated re-litigating her debt to Markus, the
20 dismissal would stand. (*Id*.)

21 On January 11, 2007, Gschwend filed the instant appeal of the Bankruptcy Court's
22 Order. On January 24, 2007, subsequent to her appeal of the Bankruptcy Court's Order
23 dismissing her bankruptcy action Gschwend filed an amended Chapter 13 Plan. In this
24 amended plan, Gschwend again seeks to re-litigate the underlying state court judgment entered
25 against her.

26 ///
27 ///
28 ///

2

**ANALYSIS**

**A.    Standard of Review of Bankruptcy Court's Judgment.**

District courts have jurisdiction to hear appeals from final judgments, orders, and decrees of bankruptcy judges. 28 U.S.C. § 158. The court reviews a dismissal of a Chapter 13 case for abuse of discretion. *In re Nelson*, 343 B.R. 671, 674 (9th Cir. 2006); *see also In re Ho*, 274 B.R. 867, 871 (9th Cir. 2002). "A court abuses its discretion if it does not apply the correct law or if it rests its decision on a clearly erroneous finding of material fact." *In re Ho*, 274 B.R. at 871 (citation omitted).

**B.    The Bankruptcy Court Did Not Err in its Dismissal of Gschwend's Bankruptcy Action.**

Gschwend appeals the bankruptcy court's dismissal of her Chapter 13 Bankruptcy action. Her Notice of Appeal is difficult to read. It appears as though she is challenging the bankruptcy court's finding that the state court judgment against her is final and is contesting the attorney fees that were awarded in the state court action. (Notice of Appeal.)

The bankruptcy court dismissed Gschwend's Chapter 13 Bankruptcy action because it was an improper attempt to re-litigate a final state court judgment entered against her. The bankruptcy court held res judicata barred Gschwend from challenging the state court judgment or litigating the issues underlying the state court judgment in bankruptcy court. (Opposition to Gschwend's Request for Stay, Ex. B at p. 3 (citing *In re Int'l Nutronics, Inc.*, 28 F. 3d 965, 969 (9th Cir. 1994)).)

"'Res judicata, also known as claim preclusion, bars litigation in a subsequent action of any claims that were raised or could have been raised in [a] prior action.'" *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (quoting *Western Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1192 (9th Cir. 1997)). Res judicata applies when, as between two (or more) actions, there is "'(1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties.'" *Id*. All the elements for res judicata are satisfied here. Therefore, the Court finds that the bankruptcy court's dismissal of Gschwend's Chapter 13 action was not an abuse of discretion.

3

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's Order dismissing Gschwend's Chapter 13 action is AFFIRMED.

**IT IS SO ORDERED.**

Dated: September 23, 2008

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

BARBARA GAIL MARKUS,

    Plaintiff,

v.

MARY ANN GSCHWEND et al,

    Defendant.

Case Number: CV07-00838 JSW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on September 23, 2008, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Mary Ann Gschwend
4402 Marsh Elder Court
Concord, CA 94521

Dated: September 23, 2008

Richard W. Wieking, Clerk
By: Jennifer Ottolini, Deputy Clerk